KENNETH W. DONNELLY (admitted *pro hac vice*)
ALEXANDER M. VASILESCU (Admitted to EDNY; New York Office)
**Attorneys for Plaintiff**
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-4946 (Donnelly)
Email: donnellyk@sec.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | |
| Plaintiff, | 2:18-cv-06511-JS-AKT |
| v. | PARTY STIPULATION AND PROPOSED ORDER |
| GIGA ENTERTAINMENT MEDIA, INC., GARY S. NERLINGER, LAWRENCE W. SILVER, ALFRED R. COLUCCI, CHARLES G. NOSKA, and JARRET M. STREINER, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("SEC"), through counsel, and Defendant Gary Nerlinger ("Mr. Nerlinger"), *pro se*, file the following stipulation and proposed order to approve their stipulation, the subject matter of which was discussed on April 27, 2020, before Magistrate Judge A. Kathleen Tomlinson (*see* Dkt. 43):

WHEREAS, the SEC filed its Complaint (Dkt. 1) on November 15, 2018;

WHEREAS, Mr. Nerlinger consented to a partial judgment, which was entered (Dkt. 9);

WHEREAS, pursuant to the consented partial judgment, what remains for the Court's decision is the amount of disgorgement and prejudgment interest Mr. Nerlinger should be ordered to pay and the civil penalty that should be imposed on him based on the conduct

described in the Complaint. *See, e.g.* Dkt. 9 at Section V ("The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.");

WHEREAS, as a result of the consented partial judgment, the parties earlier agreed that discovery would be conducted solely on issues relevant to determining the disgorgement, prejudgment interest, and civil penalty amounts that should be ordered. *See* Joint Discovery Plan and Case Management Statement, Dkt. 14 at 2-3 ("Anticipated Scope of Discovery");

WHEREAS, the SEC has sought discovery as to the financial condition of Mr. Nerlinger and his spouse on the basis that defendant would seek to argue that his financial condition was relevant to the level of civil penalty and/or disgorgement that should be ordered against him; and

WHEREAS, to cause the SEC for now to withdraw its discovery concerning defendant's and his spouse's financial condition, Mr. Nerlinger expressed a willingness to enter into a stipulation regarding any potential defense he may have based on that financial condition.

NOW THEREFORE, the parties AGREE and STIPULATE as follows:

1. Plaintiff SEC will withdraw for now its outstanding discovery (and request to take related depositions) as to the financial condition of Mr. Nerlinger and his spouse. Following any award of a penalty and/or disgorgement in this case, and for any purpose related to seeking to collect on the final judgment in this action, the SEC may (as necessary) resume such discovery.

2. Defendant Nerlinger agrees that he will not argue his or his spouse's financial condition as a basis to reduce any civil penalty and/or disgorgement award for purposes of final judgment, or make any other argument before final judgment that depends on examining his current or future financial condition. Defendant Nerlinger waives all such arguments.

For all the foregoing reasons, and by stipulation, the SEC and Defendant Nerlinger respectfully request an order adopting their agreement and this stipulation.

Respectfully submitted,

Dated: March 5, 2020　　　　SECURITIES AND EXCHANGE COMMISSION

　　　/s/ Kenneth W. Donnelly　　
Kenneth W. Donnelly
Attorney for Plaintiff

Dated: March 5, 2020　　　　GARY S. NERLINGER

_____
Gary S. Nerlinger, *pro se*

IT IS SO ORDERED:

Dated: March ___, 2020　　　　_____

For all the foregoing reasons, and by stipulation, the SEC and Defendant Nerlinger respectfully request an order adopting their agreement and this stipulation.

Respectfully submitted,

Dated: March 5, 2020  SECURITIES AND EXCHANGE COMMISSION

/s/ Kenneth W. Donnelly
Kenneth W. Donnelly
Attorney for Plaintiff

Dated: March 5, 2020  GARY S. NERLINGER

*Gary Nerlinger*
Gary S. Nerlinger, *pro se*

IT IS SO ORDERED:

Dated: March ___, 2020  _____

3